George E. O'DONNELL, Appellant

James G. O'Donnell, Appellee

v.

COMMISSIONER OF INTERNAL REVENUE Service, Appellee.

No. 12–1160.

United States Court of Appeals, District of Columbia Circuit.

Dec. 5, 2012.

George E. O'Donnell, Staten Island, NY, pro se.

James G. O'Donnell, Chicago, IL, pro se.

Robert J. Branman, I, Esquire, Bruce R. Ellisen, John A. Nolet, U.S. Department of Justice, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the Tax Court's Order and Decision filed January 3, 2012 be affirmed. Because standing requirements are applicable only to "those who invoke the court's jurisdiction," *Roeder v. Islamic Republic of Iran,* 333 F.3d 228, 233 (D.C.Cir.2003), once appellant invoked the Tax Court's jurisdiction to challenge the denial of his application for a whistleblower award, the Commissioner of Internal Revenue did not need standing to defend the agency's decision. The Tax Court correctly concluded that because the information appellant provided did not result in "initiation of an administrative or judicial action" or "collection of tax proceeds," *Cooper v. Comm'r of Internal Revenue,* 136 T.C. 597, 600, 2011 WL 2451179 (2011), appellant was not eligible for a whistleblower award under 26 U.S.C. § 7623(b). The agency's determination on appellant's application for an award was not itself an "administrative ... action as described in [§ 7623(a)]." 26 U.S.C. § 7623(b)(1). Moreover, contrary to appellant's arguments, there was no fraud upon the Tax Court, and no technical deficiency rendered the denial of appellant's application invalid. *See Marks v. Comm'r of Internal Revenue,* 947 F.2d 983, 986 n. 1 (D.C.Cir.1991) ("It is well-settled ... that the provisions of the [Internal Revenue Manual] are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.