**Raymond COHEN, Appellant**

v.

**COMMISSIONER of INTERNAL REVENUE SERVICE, Appellee.**

**No. 13–1075.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 7, 2014.

Rehearing En Banc Denied Feb. 24, 2014.

Raymond Cohen, Paramus, NJ, pro se.

Carol Barthel, Teresa E. McLaughlin, U.S. Department of Justice, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the Tax Court's October 9, 2012 decision is affirmed.

Raymond Cohen sought a whistleblower award from the IRS for information he

had provided alleging tax fraud by a bank. The IRS denied Cohen's application for an award and closed his claim. Cohen asked the Tax Court to compel the IRS to accept his claim or provide an explanation why it did not. The Tax Court correctly concluded that it could not compel the Secretary to grant Cohen relief on either front. It cannot compel the Secretary to accept his claim because both this court and the Tax Court have held that "Congress did not authorize the [Tax] Court to direct the Secretary to proceed with an administrative or judicial action." *Cooper v. C.I.R.*, 136 T.C. 597, 600 (2011); *see also Simmons v. C.I.R.*, 523 Fed.Appx. 728, 730 (D.C.Cir.2013); *O'Donnell v. C.I.R.*, 489 Fed.Appx. 469, 469 (D.C.Cir.2012). The Tax Court cannot compel the IRS to provide an explanation for its decision because the Tax Court only has authority to review whistleblower claims and grant relief if the IRS has initiated a proceeding against a taxpayer, which has not occurred here. *Simmons*, 523 Fed.Appx. at 730. And even if the Administrative Procedure Act requires such an explanation, the Tax Court has no authority to provide that remedy. *Simmons*, 523 Fed.Appx. at 730; *see also Anonymous v. C.I.R.*, 134 T.C. 13, 19 (2010). Such a claim can only be brought in the district court. *See* 28 U.S.C. § 1361.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.