T.C. Memo. 2017-105

UNITED STATES TAX COURT

CYNTHIA GONZALEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 182-13W.                              Filed June 7, 2017.

Cynthia Gonzalez, pro se.

<u>Rachel G. Borden</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>:  This whistleblower action, commenced pursuant

to section 7623(b)(4),[1] is before the Court on respondent's motion for summary

_____

[1]Unless otherwise indicated, section references are to sections of the
Internal Revenue Code, as amended and in effect at all times relevant to this
proceeding, and Rule references are to the Tax Court Rules of Practice and

(continued...)

[*2] judgment, filed August 7, 2015, first supplement to motion for summary judgment, filed April 4, 2016,[2] and second supplement to motion for summary judgment, supported by a declaration (submitted by Program Analyst Steven Mitzel (PA Mitzel)), filed May 17, 2016. PA Mitzel's declaration states that he was assigned to process petitioner's whistleblower claim in November 2012 and describes the events (with a review of the documents contained in the Whistleblower Office administrative file) that led him to recommend to the Director of the Whistleblower Office that petitioner's whistleblower claim be denied.

On September 15, 2015, petitioner filed a letter in opposition to respondent's motion, and on May 2, 2016, she filed a response to respondent's first supplement to motion for summary judgment.

---

[1](...continued)
Procedure.

[2]Attached to respondent's first supplement to motion for summary judgment are documents contained in the Internal Revenue Service (IRS) Whistleblower Office (Whistleblower Office) administrative file.

**[*3]**                                    Background[3]

On or about October 2, 2009, petitioner submitted to the Whistleblower

Office a Form 211, Application for Award for Original Information, alleging that,

during the taxable years 2004, 2006, and 2007, a corporation (taxpayer 1) and an

individual taxpayer/controlling shareholder (taxpayer 2) had understated taxable

income and that taxpayer 2 had claimed deductions for personal expenses and had

failed to report constructive dividends.[4]  The Whistleblower Office assigned claim

Nos. 2010-000210, 2010-000211, 2011-011077, and 2011-011129 to petitioner's

claims.

The Whistleblower Office forwarded the information petitioner had

provided to the IRS Large Business and International Division (LB&I) for

consideration.  Following a review of that information, the LB&I began

examinations of taxpayers 1 and 2, taxpayer 3 (taxpayer 2's spouse) and two

partnerships (taxpayers 4 and 5).  Revenue Agent Diane Todd conducted the

examinations and, upon completion of her work, forwarded to the Whistleblower

---

[3]The following facts are drawn from the pleadings and other documents in the record in this case and are not in dispute.

[4]We refer to the target taxpayers in generic terms to protect the identity of taxpayers who are not parties to this suit.  See Rule 345(b).

**[*4]** Office five Forms 11369, Confidential Evaluation Report on Claim for Award, dated October 2, 2009, along with various attachments.

The first Form 11369 and its attachments indicate that taxpayer 1 agreed to the assessment and collection of income tax deficiencies of $19,249 and $13,572 for the taxable years 2009 and 2010, respectively, attributable to the recharacterization and disallowance of portions of the deductions that taxpayer 1 had claimed for advertising and promotion expenses. No penalties were assessed. Taxpayer 1 subsequently remitted to the IRS the additional taxes along with statutory interest of $1,525.68 and $506.58, for 2009 and 2010, respectively, for a total of $34,853.26.

The second Form 11369 and its attachments indicate that the IRS did not assert or determine an underpayment of tax or attempt to assess or collect any amounts from taxpayers 2 or 3 for the taxable year 2008 as a result of the information that petitioner provided.

The third Form 11369 and the related documents indicate that the IRS did not assert or determine an underpayment of tax or attempt to assess or collect any amount from taxpayer 5 for the taxable year 2008 as a result of the information that petitioner provided.

**[\*5]** The fourth and fifth Forms 11369 contain information that is already included in the third Form 11369 but include references to taxpayers 4 and 5. Although the preparation and compilation of the fourth and fifth Forms 11369 leave something to be desired, when considered together the documents indicate that the IRS did not assert or determine any adjustments to items reported by taxpayers 4 or 5 for the taxable year 2008, nor did the IRS assert or determine an underpayment of tax or attempt to assess or collect any amount from any taxpayers identified by petitioner other than taxpayer 1.

In the light of the information contained in the Forms 11369 and the attachments thereto, PA Mitzel recommended that petitioner's claims for a whistleblower award be denied. On December 6, 2012, the Whistleblower Office issued to petitioner a final determination stating in pertinent part: "Under Internal Revenue Code Section 7623, an award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not entitled to an award."[5]

---

[5]Contrary to the statement in the final determination, the record reflects that the IRS collected tax proceeds from taxpayer 1 as a result of the information that petitioner provided to the Whistleblower Office.

**[\*6]** Petitioner invoked the Court's jurisdiction under section 7623(b)(4) by filing a timely petition for review of the final determination. Respondent filed an answer to the petition, followed by a motion for leave to file an amended answer. Although the Court directed petitioner to file an objection, if any, to respondent's motion for leave, she failed to do so. Consequently, the Court granted respondent's motion and filed respondent's amended answer, which included affirmative allegations in support of respondent's assertion that the "amounts in dispute" in this matter did not exceed the $2 million threshold prescribed in section 7623(b)(5)(B) as a prerequisite for a whistleblower award.[6]

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the

---

[6]Respondent subsequently filed a motion for entry of an order that undenied allegations be deemed admitted in accordance with Rule 37(c). Although the Court directed petitioner to file a reply to respondent's amended answer, she failed to do so. Consequently, the Court granted respondent's Rule 37(c) motion, and petitioner was deemed to have admitted the affirmative allegations in respondent's amended answer.

**[\*7]** affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party bears the burden of proving that no genuine dispute exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. See, e.g., Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

Section 7623(b) provides for mandatory whistleblower awards if certain requirements are met. A whistleblower award under section 7623 generally is dependent on two preliminary prerequisites: (1) the Commissioner's commencing an administrative or judicial action and (2) the collection of tax proceeds. See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Cooper v. Commissioner, 136 T.C. 597, 600 (2011).

Section 7623(b)(4) establishes the Court's jurisdiction to review whistleblower awards. Under that provision, upon the filing of a timely petition for review, the Court is vested with jurisdiction to review any determination regarding a whistleblower award under subsection (b).

There is no dispute that the information that petitioner provided to the IRS led to an examination of the target taxpayers and that the IRS subsequently assessed and collected tax from one of those taxpayers. Qualification for a

**[\*8]** whistleblower award under section 7623(b) is limited in relevant part, however, by section 7623(b)(5)(B), which provides that subsection (b) shall apply with respect to "any action--if the tax, penalties, interest, additions to tax, and additional amounts in dispute exceed $2,000,000."[7]

Section 301.7623-2(e)(2), Proced. & Admin. Regs. (effective August 12, 2014, after the events in dispute in this case transpired),  provides in pertinent part:

> (2) Amount in dispute.--(i) In general.--For purposes of section 7623(b)(5) and §§ 301.7623-1 through 301.7623-4, the term amount in dispute means the greater of the maximum total of tax, penalties, interest, additions to tax, and additional amounts that resulted from the action(s) with which the IRS proceeded based on the information provided, or the maximum total of such amounts that were stated in formal positions taken by the IRS in the action(s). * * *

Respondent avers that section 301.7623-2(e)(2), Proced. & Admin. Regs., is consistent with IRS guidance in effect when petitioner submitted her whistleblower claim.  See Internal Revenue Manual pt. 25.2.2.9.2(3) (June 18, 2010).

---

[7]In Lippolis v. Commissioner, 143 T.C. 393, 398-401 (2014), the Court explained that the provisions of sec. 7623(b)(5) are not a prerequisite to the Court's jurisdiction but rather create an affirmative defense that must be pleaded in the answer and proved by the Commissioner.  As discussed above, respondent pleaded in the amended answer that the amounts in dispute in the actions taken by the IRS as a result of the information that petitioner provided to the Whistleblower Office did not exceed the $2 million threshold of sec. 7623(b)(5)(B).

**[*9]**    As a preliminary matter, we acknowledge that the documents contained in the Whistleblower Office administrative record suggest that the $2 million threshold of section 7623(b)(5)(B) has not been met here.  The first Form 11369 and the attachments thereto indicate that the examination of taxpayer 1 resulted in relatively minor proposed adjustments to deductions that taxpayer 1 had claimed for advertising and promotion expenses for the taxable years 2009 and 2010.  The remaining Forms 11369 indicate that the examinations of taxpayers 2, 3, 4, and 5 resulted in no proposed tax adjustments.

Nevertheless, we are not satisfied that respondent, as the moving party and as the party asserting an affirmative defense, see Lippolis v. Commissioner, 143 T.C. 393, 398-401 (2014), has established the facts necessary to show that he is entitled to judgment as a matter of law.  In particular, although we know the contents of the Whistleblower Office administrative file, respondent's motion and related documents do not address whether additional records may exist in other IRS departments and offices that are relevant to the question whether the "amount in dispute" in this matter exceeded $2 million.  Absent an affidavit or a declaration from an appropriate IRS representative stating that a diligent and comprehensive search of IRS records has been conducted, all appropriate personnel have been contacted, and there is no record that the IRS has asserted an underpayment of tax

**[*10]** or made any effort to assess or collect tax in excess of $2 million from the taxpayers identified in petitioner's claims or any taxpayers related to those taxpayers, respondent has failed to show that there is no dispute as to a material fact and that a decision may be rendered in his favor as a matter of law. Consequently, we will deny respondent's motion as supplemented.[8]

To reflect the foregoing,

<u>An order will be issued</u>

<u>denying respondent's motion</u>

<u>as supplemented</u>.

---

[8]This opinion is being released concurrently with, and applies the same analysis as that used in, <u>Lippolis v. Commissioner</u>, T.C. Memo. 2017-104.