T.C. Memo. 2018-177

UNITED STATES TAX COURT

AZAEL DYTHIAN PERALES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 787-18W.                         Filed October 23, 2018.

Azael Dythian Perales, pro se.

<u>Kimberly A. Daigle</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent).  Respondent contends that he is entitled to judgment as a matter of law because the IRS Whistleblower Office (Office) did not initiate any administrative or judicial action against any taxpayer and did not collect any proceeds on the

**[*2]** basis of the information petitioner provided.  <u>See</u> sec. 7623(b)(1).[1]  We will

grant respondent's motion.

<u>Background</u>

The following facts are derived from the parties' pleadings and respondent's

motion papers, including a declaration and the exhibits attached thereto.  Petition-

er resided in California when he filed his petition.

Petitioner filed a Form 211, Application for Award for Original Informa-

tion, that was received by the Office on August 4, 2017.  His Form 211 and the

materials appended to it, apparently cut and pasted from various websites, were

rambling and incoherent.  He made no discernible allegations regarding the tax

liability of any person.  Rather, he alleged that numerous individuals and entities--

banks, public utilities, California government entities, and agencies of the U.S.

Government--had committed espionage, conspiracy, bank fraud, and other crimes.

He adduced in support of these assertions no factual material of any kind.

The Office assigned 11 separate claim numbers to petitioner's claims.  The

analyst assigned to review the claims determined that his allegations were not

"specific [or] credible," that "no tax issue [had been] stated or identified," and that

---

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** "no specific information about a federal tax issue or non-compliance was provided." The analyst recommended that each claim be rejected "for lack of specific information stating that this is an IRS tax issue."

The analyst's recommendation to reject petitioner's claims was approved by her supervisors at the Office. The Office did not forward petitioner's information to any IRS operating division. The IRS commenced no action against, and collected no proceeds from, any taxpayer as a result of the information petitioner supplied. By letter dated January 2, 2018, the Office informed petitioner that his claims had been denied, stating that "the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws."

On January 16, 2018, petitioner petitioned this Court for review of the Office's determinations. On August 2, 2018, respondent filed a motion for summary judgment under Rule 121. We ordered petitioner to respond to that motion on or before September 7, 2018. We advised him that if he "disagree[d] with the facts set out in the motion, [he] should point out the specific facts in dispute and explain why these factual disputes are important." Petitioner did not respond to our order and has not otherwise responded to the motion for summary judgment.

**[\*4]**                                   Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We find that no material facts are in dispute and that this case may appropriately be adjudicated summarily.

**[\*5] B.**     Standard and Scope of Review

We review the Secretary's determination as to whether a whistleblower is entitled to an award under section 7623(b)(1) by applying an abuse-of-discretion standard.  Kasper v. Commissioner (Kasper II), 150 T.C. __, __ (slip op. at 23) (Jan. 9, 2018).  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  In ascertaining whether the Secretary abused his discretion, we confine our review to the administrative record.  Kasper II, 150 T.C. at __ (slip op. at 20).

C.     Analysis

Petitioner is no stranger to the Office or this Court.  He has filed numerous substantially similar claims for award, advancing in each case unsupported allegations of criminal activity by hundreds of individuals, corporations, and government entities, including Federal courts.  In no case did he allege a Federal tax underpayment or noncompliance by any discernible taxpayer.  We have granted summary judgment to respondent in three cases so far.  See Perales v. Commissioner, T.C. Memo. 2017-90; Perales v. Commissioner, T.C. Dkt. No. 20332-

**[*6]** 17W (Aug. 20, 2018); <u>Perales v. Commissioner</u>, T.C. Dkt. No. 21791-17W (Aug. 20, 2018). Two more cases wait in the wings.[2] Our patience is wearing thin.

Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met. Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer. <u>See</u> <u>Cohen v. Commissioner</u>, 139 T.C. 299, 302 (2012), <u>aff'd</u>, 550 F. App'x 10 (D.C. Cir. 2014); <u>Whistleblower 14106-10W v. Commissioner</u>, 137 T.C. 183, 189 (2011). While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct the IRS to commence an administrative or judicial action. <u>See</u> <u>Cooper v. Commissioner</u>, 136 T.C. 597, 600-601 (2011). If the IRS proceeds with no administrative or judicial action, there can be no whistleblower award. <u>Id.</u> at 601.

Respondent attached to his motion for summary judgment a declaration of Kathy Wolsey, a manager for whistleblower claims evaluations. As shown in her

---

[2]Besides the instant case, petitioner filed two other whistleblower cases that were set for trial on our October 22, 2018, Washington, D.C., trial session. <u>See</u> <u>Perales v. Commissioner</u>, T.C. Dkt. No. 25116-17W (filed Dec. 7, 2017); <u>Perales v. Commissioner</u>, T.C. Dkt. No. 26906-17W (filed Jan. 9, 2018).

**[*7]** declaration, the Office properly rejected each of petitioner's claims "for lack of specific information stating that this is an IRS tax issue." The Office did not forward his information to any IRS operating division, and the IRS commenced no action against, and collected no proceeds from, any taxpayer as a result of the information he supplied. Petitioner does not allege any material dispute as to these facts.

The initiation of an administrative or judicial action and collection of tax proceeds are necessary prerequisites to a whistleblower award. See id. at 600. Because petitioner has met none of the threshold requirements for a whistleblower award, we will grant summary judgment for respondent.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.