T.C. Memo. 2020-131

UNITED STATES TAX COURT

FELIX EWALD FRIEDEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11239-19W.                     Filed September 17, 2020.

Felix Ewald Friedel, pro se.

<u>Elizabeth C. Mourges</u>, <u>Bartholomew Cirenza</u>, and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent).  Respondent contends that the IRS Whistleblower Office (Office) did not abuse its discretion in rejecting petitioner's claims because petitioner did not

[*2] provide specific or credible information regarding a Federal tax violation. We agree and accordingly will grant the motion.[1]

Background

The following facts are derived from the parties' pleadings and motion papers, including a declaration and the attached exhibits. Petitioner, a foreign national residing in Germany, filed a Form 211, Application for Award for Original Information, that the Office received on April 11, 2019. In his claim he identified six targets, all of whom appear to be German Government officials. He alleged that the targets committed (among other things) fiduciary fraud, breach of trust, bond fraud, identity theft, torture, abuse of power, corruption, and human trafficking. He asserted the targets are "criminal Nazi * * * judges / prosecutors" and alleged that they committed tax fraud by "refus[ing] to submit the IRS Forms 1099-OID, f1096 and f1040."

Petitioner supplied little information to support his claims. He provided: (1) a memorandum reiterating his allegations, (2) a Form 3949-A, Information Referral, and a Form 14039, Identity Theft Affidavit, and (3) letters that appear to be from a German court and German prosecutor that are written entirely in Ger-

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] man.  He made no discernible allegations regarding the U.S. tax liability of any person.

The Office assigned petitioner six claim numbers, one for each target.  The Office referred one target to B. Thurman and the other five to Matthew Wiggins.  Messrs. Thurman and Wiggins are classifiers in the IRS Small Business/Self-Employed Operating Division (SB/SE).  A classifier is an employee of an operating division whose role is "to determine if the information on the Form 211 warrants further review."  Internal Revenue Manual pt. 25.2.1.3.1(2) (May 28, 2020).

Mr. Thurman reviewed petitioner's allegation that a German court committed "fiduciary fraud, breach of trust and bond fraud."  He determined that this allegation did not concern any Federal tax issue.  Moreover, he concluded that petitioner's allegation lacked credibility, noting petitioner's failure to supply any documents to support the claim.  He accordingly recommended that the Office "[r]eject the claim * * * for failing to include specific and credible information to support a potential tax violation * * * as well as documentation to support the claim."

Mr. Wiggins reviewed petitioner's allegations regarding the other five targets.  Mr. Wiggins ascertained that each "[a]llegation is concerned with non-US persons" and that the allegations bore no relation to "US tax issues."  He also

**[\*4]** noted petitioner's failure to identify any "tax periods" or "money amounts." He therefore recommended that the Office reject petitioner's claims as they were "not specific [or] credible."

The Office agreed with both recommendations and issued on April 30 and May 8, 2019, final determination letters rejecting petitioner's claims. Each letter stated in pertinent part that "[t]he claim has been rejected because the IRS decided not to pursue the information you provided." The letters informed petitioner: "If you disagree with this determination, you have 30 days from the date of this letter to file a petition with the Tax Court."[2]

Petitioner petitioned this Court for review of the Office's determinations. His petition was mailed from Germany, postmarked by Deutsche Post on June 11, 2019, and was received and filed by the Court on June 24, 2019. On July 17, 2020, respondent filed a motion for summary judgment under Rule 121. Petitioner submitted a one-page response written entirely in German. We ordered him to file a certified English translation of his response. See Administrative Order No. 2020-02 (May 29, 2020) (requiring that all documents must be filed in English or

---

[2]Petitioner submitted an additional (and substantially similar) Form 211 on May 20, 2019. As of the date of the petition the IRS does not appear to have issued a determination letter with respect to that claim.

**[\*5]** include a certified English translation). He filed a reply stating: "[P]lease get an interpreter/translator."

Discussion

A.    <u>Jurisdiction</u>

Section 7623(b)(4) provides that "[a]ny determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." The Office issued its determination letters to petitioner on April 30 and May 8, 2019. He mailed his petition on June 11, 2019, and the petition was filed by the Court on June 24, 2019. Both dates are more than 30 days from the dates on which the Office issued the determination letters.

In numerous cases this Court had ruled that the 30-day filing period specified in section 7623(b)(4) is jurisdictional. <u>See, e.g.</u>, <u>Comparini v. Commissioner</u>, 143 T.C. 274, 277 (2014) ("[T]his Court has jurisdiction under section 7623(b)(4) when * * * a petition * * * is timely filed."); <u>Kasper v. Commissioner</u>, 137 T.C. 37, 41 (2011) ("The jurisdiction of the Court is dependent upon a * * * finding that the appeal from the determination is timely."). However, we were reversed on that point by the U.S. Court of Appeals for the D.C. Circuit in <u>Myers v. Commissioner</u>, 928 F.3d 1025, 1036 (D.C. Cir. 2019), <u>rev'g and remanding</u> 148 T.C. 438

**[*6]** (2017).  In <u>Myers</u> the D.C. Circuit held that section 7623(b)(4) sets forth a "nonjurisdictional claim-processing rule[],"  the violation of which does not deprive a court of authority to hear the case.  <u>Id.</u> at 1034 (quoting <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 141 (2012)).  The appellate court further held that the statute's 30-day filing period "is subject to equitable tolling."  <u>Id.</u> at 1037.  It accordingly reversed our order of dismissal and remanded to this Court "to consider in the first instance whether equitable tolling is appropriate."  <u>Ibid.</u>

The D.C. Circuit is the appellate venue for this case, as for whistleblower cases generally.  <u>See</u> sec. 7482(b)(1) (penultimate sentence).  We thus follow its precedent.  <u>See</u> <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).  Consistently with <u>Myers</u>, we hold that we have jurisdiction to consider this case.  And since neither party has questioned the filing of the petition after the 30-day period or addressed the subject of equitable tolling, we will proceed to consider respondent's motion for summary judgment.

B.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered

**[\*7]** as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

(1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  However, this summary judgment

standard "is not generally apt" when reviewing whistleblower award

determinations because we "confine ourselves to the administrative record to

decide whether there has been an abuse of discretion."  Van Bemmelen v.

Commissioner, 155 T.C. __, __ (slip op. at 25) (Aug. 27, 2020).  In a "record rule"

whistleblower case "summary judgment serves as a mechanism for deciding, as a

matter of law, whether the * * * [Office's] action is supported by the

administrative record and is not arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law."  Id. at __ (slip op. at 26).

C.     Analysis

We review the Secretary's determination as to whether a whistleblower is

entitled to an award under section 7623(b)(1) by applying an abuse-of-discretion

standard.  Kasper v. Commissioner, 150 T.C. 8, 22 (2018).  Abuse of discretion

exists when a determination is arbitrary, capricious, or without sound basis in fact

or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27

(1st Cir. 2006).

In Lacey v. Commissioner, 153 T.C. 146, 166-169 (2019), we held that we

have jurisdiction to review, for abuse of discretion, a determination by the Office

**[*8]** to reject a whistleblower claim for failure to meet certain basic criteria.  See sec. 301.7623-1(c), Proced. & Admin. Regs. (providing that claims may be rejected if they supply "speculative information or * * * do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws").  When the Office rejects a claim, "the written notice [to the claimant] will state the basis for the rejection."  Sec. 301.7623-3(b)(3), Proced. & Admin. Regs.  In ascertaining whether the Secretary abused his discretion, we confine our review to the administrative record.  Kasper, 150 T.C. at 20.

Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met.  Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer.  See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 189 (2011).  While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct the IRS to commence an administrative or judicial action.  Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011).  If the IRS proceeds with no administrative or judicial action, there can be no whistleblower award.  Id. at 601.

**[\*9]** The administrative record shows that the Office properly rejected petitioner's claims because he did not provide any credible information regarding a Federal tax violation. The Office based its decision on recommendations from two classifiers in SB/SE.

Messrs. Thurman and Wiggins, classifiers in SB/SE, investigated petitioner's claims and ascertained that all of the alleged participants were German persons or entities. The chief violations petitioner alleged--fiduciary fraud, bond fraud, and identity theft by German Government officials--had no nexus to the United States or to Federal tax law. His Form 211 mentioned "tax fraud" only in connection with his query whether the targets were required to file certain IRS forms. But he supplied no support for the notion that the German court was required to file with the IRS Form 1099-OID, Original Issue Discount, or that the German judges or prosecutors were required to file Forms 1040, U.S. Individual Income Tax Return. See sec. 1.6049-5(b)(6), Income Tax Regs. (providing that amounts "paid and received outside the United States" are not reported on Form 1099-OID); sec. 1.6012-1(b)(1)(i), Income Tax Regs. (providing that a "nonresident alien individual" need not file Form 1040 unless he is "engaged in a trade or business in the United States").

**[\*10]** On the basis of this record, we have no difficulty concluding that the Office did not abuse its discretion in rejecting petitioner's claims.  We will therefore grant summary judgment to respondent.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.