T.C. Memo. 2021-83

UNITED STATES TAX COURT

JAY M. PETERFREUND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4013-20W.                    Filed July 7, 2021.

Jay M. Peterfreund, pro se.

<u>Kimberly A. Daigle</u>, <u>John T. Arthur</u>, and <u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

WEILER, <u>Judge</u>:  This whistleblower award case is before the Court on a motion for summary judgment filed by the Commissioner of the Internal Revenue Service (IRS or respondent).  Respondent contends that the IRS Whistleblower Office did not abuse its discretion in denying petitioner's claim for an award

[*2] because it did not initiate an administrative or judicial action and it did not collect any proceeds from the target taxpayer on the basis of the information petitioner furnished. We agree, and therefore we will grant respondent's motion for summary judgment in this matter.

Background

The following facts are drawn from the parties' pleadings, respondent's motion for summary judgment, including a declaration and exhibits, and petitioner's response to respondent's motion for summary judgment. These facts are stated solely for the purpose of ruling on respondent's motion for summary judgment.

Petitioner filed Form 211, Application for Award for Original Information, which was received by the Whistleblower Office on or about December 20, 2019. On the Form 211 petitioner claimed that the target taxpayer intentionally mischaracterized the target taxpayer's loan payments as rent (on one or more Forms 1099-MISC, Miscellaneous Income) in order to receive improper tax deductions for tax years 2012 through 2016. Petitioner claimed to have discovered the target taxpayer's scheme through petitioner's review of his deceased father's estate records and discussions with his late father's business partner; petitioner's late father and his late father's business partner were the recipients of the alleged improperly classified payments.

**[*3]** The Whistleblower Office conducted an initial review of the information petitioner submitted on Form 211 and then forwarded the information to the IRS Small Business/Self-Employed Operating Division (SB/SE), since it holds subject matter responsibility over the issues raised.[1]

Scott Martin, a classifier in SB/SE, was tasked with reviewing the information from petitioner regarding the target taxpayer and making a recommendation on petitioner's whistleblower award claim to the Whistleblower Office. Mr. Martin recommended that petitioner's whistleblower award claim be denied. In his review Mr. Martin concluded that it appeared that "the statute of limitations for assessment [has] expired, the issue is not recurring, and cannot be worked in a current year" regarding the target taxpayer. On the basis of Mr. Martin's recommendation, Laure Thompson, a tax examining technician for the Whistleblower Office, prepared a memorandum also recommending a denial of petitioner's whistleblower award claim. Ultimately, petitioner's Form 211 was not assigned to any IRS examiner for possible action.

On January 30, 2020, the Whistleblower Office issued a final determination letter to petitioner denying his whistleblower award claim. The letter stated in

---

[1]Generally, if the Whistleblower Office decides to build a new claim on the basis of information on Form 211, it forwards the claim to the appropriate operating division of the IRS and a classifier in the operating division determines "if the information on the Form 211 warrants further review." Internal Revenue Manual pt. 25.2.1.3.1(2) (Jan. 11, 2018).

**[\*4]** part: "We have considered your application for an award * * * [t]he information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award."

In response to the Whistleblower Office's final determination letter petitioner timely filed a petition for review of the final determination under section 7623.[2] Petitioner resided in the State of Florida when his petition was filed with this Court.

Respondent filed an answer to the petition and then later moved for summary judgment under Rule 121. Respondent attached to his motion for summary judgment a declaration by Layne Carver, a manager within a division at the Whistleblower Office called the "initial claims evaluation team." Respondent also submitted to the Court the administrative record relating to petitioner's claim. In accordance with this Court's order petitioner filed a written response to respondent's motion for summary judgment. The Court subsequently held a remote hearing on respondent's motion for summary judgment, and the parties appeared and were heard.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*5]                                   Discussion

I.      Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. at 520.  However, this summary judgment standard "is not generally apt" when reviewing whistleblower award determinations because we "confine ourselves to the administrative record to decide whether there has been an abuse of discretion."  Van Bemmelen v. Commissioner, 155 T.C. ___, ___ (slip op. at 25) (Aug. 27, 2020).

In "record rule" cases (which include whistleblower cases) involving judicial review of a final agency action, summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the

[*6] administrative record and is "not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at ___ (slip op. at 26).[3]

II.     Analysis

This Court has jurisdiction to review final determinations by the Commissioner regarding whistleblower award claims including so-called rejections and denials as classified by the Whistleblower Office.[4]  See Lacey v. Commissioner, 153 T.C. 146, 163-164 (2019); see also Cooper v. Commissioner, 135 T.C. 70, 75-76 (2010).  The regulations provide that a rejection is a determination limited to the whistleblower and the information provided on the face of the claim.  Sec. 301.7623-3(c)(7), Proced. & Admin. Regs.  On the other hand "[a] denial is a determination that relates to or implicates taxpayer information."  Id. subpara. (8).

The Code provides for two types of whistleblower awards:  discretionary and nondiscretionary.  Section 7623(a) authorizes the Commissioner to pay sums necessary for "detecting underpayments of tax" or "detecting and bringing to trial and punishment persons who are guilty of violating the internal revenue laws or

---

[3]Abuse of discretion exists when the Commissioner's final determination is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

[4]A denial is a determination that is made after the Whistleblower Office engages in some substantive consideration of the claim.  Lacey v. Commissioner, 153 T.C. 146, 161-162 (2019).

**[\*7]** conniving at the same".  Subsection (b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if certain requirements are met.  Under this statutory scheme whistleblower awards are preconditioned upon the Commissioner's proceeding with an administrative or judicial action and collecting proceeds from the target taxpayer.  Sec. 7623(b)(1).  If the Commissioner does not proceed with an administrative or judicial action and collect proceeds from the taxpayer, there can be no whistleblower award.  See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd per curiam, 550 F. App'x 10 (D.C. Cir. 2014).  Similarly, we have no authority to require the Commissioner to commence an administrative or judicial action against the target taxpayer.  Id. (citing Cooper v. Commissioner, 136 T.C. 597, 600 (2011)).

Respondent's motion papers include a declaration from Ms. Carver attaching documents from the administrative record.  The documents show that the Whistleblower Office denied petitioner's whistleblower award claim because the target taxpayer's activity was not recurring and related to years where the period of limitations for assessment had expired.  The final determination letter is based on the recommendation from Mr. Martin, who considered the information regarding the target taxpayer.  Since the IRS did not proceed with an administrative action on the basis of the information provided by petitioner, the Whistleblower Office

[*8] issued its final determination letter stating that the information the whistleblower "provided did not result in the collection of any proceeds." See Perales v. Commissioner, T.C. Memo. 2017-90, at *5 ("If the IRS does not proceed with an administrative or judicial action, there by definition can be no 'collected proceeds' and hence no whistleblower award." (citing Cooper v. Commissioner, 136 T.C. at 601)). Respondent is essentially arguing that petitioner has not met the threshold requirements under section 7623, and therefore he is not entitled to a whistleblower award.

In his response to respondent's motion for summary judgment petitioner argues that respondent erred in not pursuing the target taxpayer since the statute of limitations remains open indefinitely under section 6501 in instances of willful tax evasion. Petitioner's argument, however, is without consequence since this Court lacks authority to require or otherwise compel respondent to commence any administrative or judicial action against the target taxpayer. See Cohen v. Commissioner, 139 T.C. at 302.

The administrative record shows that petitioner has not met the threshold requirements for a whistleblower award and since we are without authority to compel any action on the part of respondent, we hold that the Whistleblower Office did not abuse its discretion in denying petitioner's whistleblower award claim. Accordingly, we will grant respondent's motion for summary judgment.

[*9]   To reflect the foregoing,

An appropriate order and decision

will be entered for respondent.