RAYMOND COHEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26925–11W.          Filed October 9, 2012.

R denied P's whistleblower award claim under I.R.C. sec. 7623(b). P concedes that information he provided R has not led to R instituting an action or collecting proceeds. P filed a petition requesting that we order R to reopen his award claim. R moved to dismiss for failure to state a claim. *Held*: I.R.C. sec. 7623(b) does not authorize P's requested relief. *Held*, *further*, P did not state a claim upon which relief can be granted.

Raymond Cohen, pro se.
*Jonathan D. Tepper*, for respondent.

OPINION

KROUPA, *Judge*: This case is before the Court on respondent's motion to dismiss for failure to state a claim under Rule 40[1] and petitioner's motion for summary judgment under Rule 121. This case stems from a whistleblower claim under section 7623(b). Petitioner challenges respondent's decision not to pursue whistleblower information he provided. Petitioner alleges respondent denied his claim for an award without instituting an administrative or judicial action or col-

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, unless otherwise indicated.

lecting any proceeds. We must decide whether we may order respondent to reopen petitioner's whistleblower claim under section 7623(b). We hold that no relief is available. We shall dismiss the petition and deny as moot petitioner's motion for summary judgment.

## Background

We summarize the factual background and procedural history to rule on the instant motions. Petitioner's allegations are assumed solely for the purpose of deciding the motions.[2] Petitioner resided in New Jersey when he filed the petition. Petitioner acts pro se in this matter.

Petitioner is a certified public accountant. Petitioner provided respondent whistleblower information that petitioner believed to be actionable.

Specifically, petitioner learned of alleged tax law violations when his wife served as an executrix for an estate. The estate held uncashed stock dividend checks issued by a public corporation (taxpayer).[3] Petitioner's wife requested the taxpayer honor those checks and pay all unpaid dividends. The taxpayer would not release dividends without petitioner's wife presenting an original check issued within the last 10 years.

Petitioner suspected that the taxpayer customarily retained possession of unclaimed proceeds resulting from uncashed dividend checks and unredeemed bonds (unclaimed assets). In 2009 petitioner requested information from the State comptroller under that State's Freedom of Information Law (FOIL). The comptroller provided petitioner the amount of uncashed dividends that the taxpayer had reported for certain stocks. The taxpayer had not reported any uncashed dividends for those stocks from 2005 to 2008.

Petitioner also reviewed allegations in pleadings from a civil proceeding against the taxpayer. *See generally Frankel v. Cole*, No. 06–cv–439, 2007 WL 2683673 (E.D.N.Y. Sept. 7, 2007). Petitioner asserts that the allegations in that civil

[2] We note that petitioner advanced factual allegations in the petition, the amended petition, and the pleadings associated with the instant motions. We construe all allegations in the light most favorable to petitioner. *See, e.g.*, *Ballantine v. Commissioner*, 74 T.C. 516, 522–523 (1980).

[3] We refrain from using information identifying the alleged taxpayer to whom the claim relates. *See* Rule 345(b).

case corroborate his allegation that the taxpayer possesses unclaimed assets worth more than $700 million.

Petitioner alleged that the taxpayer was obligated by law to turn over the unclaimed assets to the State. Petitioner further alleged that the unclaimed assets the taxpayer retained constituted unreported income for Federal tax purposes.

Petitioner submitted his allegations to respondent on Form 211, Application for Award for Original Information (claim). Respondent notified petitioner that the matter had been assigned to his Whistleblower Office in Ogden, Utah. The Whistleblower Office evaluated the claim to determine whether an investigation was warranted and an award was appropriate. A few weeks later the Whistleblower Office informed petitioner he was not eligible for an award because no proceeds were collected. Petitioner requested the Whistleblower Office to reconsider the claim. The Whistleblower Office reiterated the denial, noting that the claim was based on publicly available information.

Petitioner filed a petition and an amended petition in this Court. Petitioner requests that the Court order respondent to reopen the claim. Respondent moved to dismiss for failure to state a claim upon which relief can be granted. Petitioner opposed the motion and filed a motion for summary judgment.

## Discussion

This case presents an issue of first impression in this Court. We are asked to decide whether any relief is available under section 7623(b) when a taxpayer alleges that the Commissioner denied a claim without initiating an administrative or judicial action or collecting proceeds. Petitioner contends that respondent abused his discretion by not acting on his information. Petitioner argues respondent must explain the reason he denied the claim and reopen the claim. Respondent contends we can provide relief under section 7623(b) only after the Commissioner initiates an administrative or judicial action and collects proceeds.

## I. *Standard of Review*

We begin with the standard of review for a motion to dismiss for failure to state a claim. A petition should be simple,

concise and direct. Rule 31(b). A whistleblower petition must provide the basis on which the taxpayer disagrees with the determination, supporting facts and a prayer setting forth the relief sought. Rule 341(b)(3)–(5). We construe all pleadings to do substantial justice. Rule 31(d). We may dismiss a petition for failure to state a claim upon which relief can be granted. Rule 40. Dismissal for failure to state a claim is appropriate where, even if all of the allegations contained in a pleading are true, a claim fails as a matter of law. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

## II. *Whistleblower Award Determination Review*

We now consider the relief available under section 7623. We may exercise our jurisdiction only to the extent authorized by Congress. *Kasper v. Commissioner*, 137 T.C. 37, 40 (2011). In a whistleblower action, we have jurisdiction only with respect to the Commissioner's award determination. Sec. 7623; *Cooper v. Commissioner*, 135 T.C. 70, 75–76 (2010) (*Cooper I*).

Generally, an individual who provides information that leads the Commissioner to proceed with an administrative or judicial action shall receive an award equal to a percentage of the collected proceeds. *See* sec. 7623(b)(1). A whistleblower award depends upon the Commissioner commencing an administrative or judicial action and collecting proceeds. *See Whistleblower 14106–10W v. Commissioner*, 137 T.C. 183, 189 (2011). Our jurisdiction under section 7623(b) does not contemplate that we review the Commissioner's determinations of the alleged tax liability to which the claim pertains. *See Cooper v. Commissioner*, 136 T.C. 597, 600 (2011) (*Cooper II*). Nor does section 7623 confer authority to direct the Commissioner to commence an administrative or judicial action. *Id.*

Respondent contends we should dismiss the petition because petitioner has not alleged any claim for relief available under section 7623(b). We agree. We are mindful that we should construe the petition so as to do justice. Petitioner disagrees with respondent's decision not to act on his information. Petitioner acknowledges, however, that the claim did not lead to the Commissioner commencing an

action against, or collecting any proceeds from, the taxpayer. Petitioner has not alleged that he met the requirements to be eligible for any relief under section 7623(b).

### III. *Petitioner's Arguments*

We now address petitioner's arguments that he should nevertheless be granted relief. Petitioner is concerned that respondent will collect proceeds from the taxpayer after denying the claim. He would therefore be precluded from an award despite providing actionable information.

First, petitioner argues that he is entitled to relief because respondent did not comply with the Administrative Procedure Act (APA). *See* 5 U.S.C. secs. 551–559, 701–706 (2006). The APA, however, does not create a right of action or expand our jurisdiction. *See Anonymous v. Commissioner*, 134 T.C. 13, 19 (2010). We can provide relief under section 7623(b) only after the Commissioner has initiated an administrative or judicial action and collected proceeds. Petitioner has not alleged the section 7623(b) threshold requirements have been met. [4]

Second, petitioner contends that he is entitled to a legal and factual explanation of respondent's denial of the claim. *See Cooper v. Commissioner*, 136 T.C. at 601. In *Cooper II*, we noted that the Commissioner had produced through the course of litigation a memorandum explaining why the whistleblower claim had been denied. *Id.* We did not hold that the Commissioner was obligated under section 7623 to detail his legal and factual reasons for not pursuing a claim. There is no relief available before the prerequisites of section 7623(b) are satisfied.

Third, he argues that he is entitled to relief on equitable grounds. This Court, however, is not a court of equity and section 7623 does not provide for equitable relief. *See*

---

[4] Petitioner contends the respondent's decision was arbitrary and capricious. *See* 5 U.S.C. sec. 706(2)(A) (2006). Petitioner argues that respondent's stated reason for denying the claim was inconsistent with his procedures. The Commissioner will not process an award claim if the information provided did not identify a Federal tax issue upon which the Commissioner took action, result in the detection of an underpayment of tax or result in the collection of proceeds. Internal Revenue Manual pt. 25.2.2.5(2) (June 18, 2010). The Whistleblower Office stated in the first denial letter that the information did not lead to the collection of proceeds. Respondent may refuse to process an award claim for this reason. *See id.* Petitioner also contends respondent incorrectly concluded that petitioner relied on publicly available information. Petitioner alleges, however, that he relied on pleadings from a civil proceeding and information provided through a FOIL request. Both sources are public information.

*Commissioner v. McCoy*, 484 U.S. 3, 7 (1987); *Stovall v. Commissioner*, 101 T.C. 140, 149–150 (1993). Section 7623(b) does not provide any relief before whistleblower information leads to an administrative or judicial action and the collection of proceeds.

IV. *Conclusion*

In toto, section 7623(b)(4) authorizes our review of any award determination. Petitioner seeks relief that is unavailable because respondent never instituted an action or collected any proceeds. We can appreciate petitioner's frustration that information that he believes is actionable was not pursued. Congress, however, has charged the Commissioner with resolving these claims and has not provided any remedies until after an administrative or judicial action and the collection of proceeds. For that reason, we will grant respondent's motion to dismiss for failure to state a claim. We will also deny as moot petitioner's motion for summary judgment.

To reflect the foregoing,

> *An appropriate order and order of dismissal will be entered.*