T.C. Memo. 2017-90

UNITED STATES TAX COURT

AZAEL D. PERALES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28044-14W.                     Filed May 24, 2017.

Azael D. Perales, pro se.

<u>David K. Barnes</u> and <u>Patricia P. Davis</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent).  Respondent contends that he is entitled to summary judgment as a matter of law because the IRS Whistleblower Office (Office) did not initiate "any administrative or judicial action" on the basis of the information petitioner supplied

[*2] and did not collect any proceeds as a result of that information. See sec.

7623(b)(1).[1] We will grant respondent's motion.

Background

The following facts are derived from the parties' pleadings and respondent's

motion papers, including a declaration and the exhibits attached thereto. Petition-

er resided in California when he filed his timely petition.

During 2010 petitioner filed with the Office numerous Forms 211, Applica-

tion for Award for Original Information. The Office's processing of these forms

resulted in the assignment of 34 individual claim numbers. These claims alleged

that various governmental entities, government officials, and other individuals had

failed to enforce various State and Federal laws. In a series of letters between

April 27, 2010, and September 26, 2014, the Office denied each of petitioner's

applications, stating that "[t]he information provided did not identify a federal tax

issue upon which the IRS will take action" and that "the information you provided

did not result in the collection of any proceeds."

On October 28, 2014, petitioner petitioned this Court for review of the Of-

fice's determinations. Respondent subsequently moved to dismiss for lack of ju-

---

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** risdiction, contending that the Office had denied the last of petitioner's claims in February 2014, more than seven months before he filed his petition. See sec. 7623(b)(4) (providing that petition must be filed within 30 days of the IRS "determination"). On July 16, 2015, we granted respondent's motion to dismiss as to 17 of petitioner's claims and denied the motion as to the remaining 17. We concluded that the Office's September 26, 2014, letter constituted a "determination" with respect to the latter claims and that the petition was timely filed as to them.

The 17 claims that remain were set forth in seven Forms 211 that petitioner filed between January 16 and July 26, 2010. In these claims petitioner alleged fraud, waste, abuse of taxpayer funds, and criminal law violations by various California government entities and officials; breach of fiduciary duties by those same California government entities and by the U.S. Department of Justice; failure to enforce fiduciary responsibilities by the foregoing entities and the IRS; and breach of duty by the U.S. Court of Federal Claims.

On October 28, 2016, respondent filed a motion for summary judgment under Rule 121. In his motion respondent cited the Office's determinations that the IRS had not commenced any administrative or judicial action on the basis of the information petitioner provided and that the IRS had collected no proceeds as a result of that information. We ordered petitioner to respond to the motion for

**[*4]** summary judgment on or before December 7, 2016. We emphasized that if he "disagree[d] with the facts set out in the motion, he should point out the specific facts in dispute and explain why these factual disputes are important." Petitioner did not respond to our order and has not otherwise responded to respondent's motion for summary judgment.

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

**[\*5]**  Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that no material facts are in dispute and that this case is appropriate for summary judgment.

B.    Analysis

A whistleblower who provides the IRS with information leading to commencement of action to collect taxes may be entitled to an award.  Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the "collected proceeds" if all stated requirements are met.  Before any award can be paid, the statute requires that the Secretary first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer.  See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 189 (2011).  While we have jurisdiction to review the IRS' award determination, section 7623 does not give us authority to direct the IRS to commence an administrative or judicial action.  See Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011).  If the IRS does not proceed with an administrative or judicial action, there by definition can be no "collected proceeds" and hence no whistleblower award.  See id. at 601.

**[\*6]**  Respondent attached to his motion for summary judgment a declaration of Cindy Wilde, one of the Office's lead tax examiners.  As shown in Ms. Wilde's declaration, the Office rejected all 17 claims at issue.  These claims were overlapping and substantially identical; in essence, they all alleged breach of duty or criminal law violations by Federal and State government officials.  The Office's processing unit sent petitioner rejection letters addressing all 17 claims; these letters are part of the record.  As these letters and Ms. Wilde's declaration establish, the Office did not initiate any administrative or judicial proceedings, and it did not collect any proceeds, on the basis of the information petitioner provided in his Forms 211.  Petitioner does not allege any material dispute as to these facts.

The initiation of an administrative or judicial action and collection of tax proceeds are necessary prerequisites to a whistleblower award.  See id. at 600.  Because petitioner has met none of the threshold requirements for a whistleblower award, we will grant summary judgment for respondent.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.