T.C. Memo. 2018-12

UNITED STATES TAX COURT

SUZANNE JEAN MCCRORY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22825-16W.                     Filed January 31, 2018.

Suzanne Jean McCrory, pro se.

<u>Patricia P. Davis</u> and <u>Jonathan M. Pope</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This whistleblower award case is before the Court on a

motion for summary judgment filed by the Internal Revenue Service (IRS or

respondent) and a motion to remand filed by petitioner.  Respondent contends that

he is entitled to summary judgment as a matter of law because the IRS

Whistleblower Office (WO) did not initiate "an administrative or judicial action"

**[\*2]** on the basis of the information petitioner supplied and did not collect any proceeds as a result of that information. See sec. 7623(b)(1).[1] We will grant respondent's motion and deny petitioner's motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the declarations and exhibits attached thereto. See Rule 121(b). Petitioner resided in New York when she filed her petition.

Petitioner is a former auditor for the Government Accountability Office. She theorizes that the IRS is not receiving notice of many large jury awards or settlements. In 2014 she began filing whistleblower claims with the WO to test this theory.

In December 2014 petitioner filed with the WO several Forms 211, Application for Award for Original Information. Therein petitioner alleged, on the basis of publicly available information, that 18 individuals may not have reported taxable income from multi-million-dollar settlements or jury awards for wrongful arrest or incarceration. In an accompanying cover letter petitioner disclosed that

---

[1] All section references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] she was "operating on a hunch" and had no direct knowledge that the named individuals had underreported their taxable income.

The WO's processing of petitioner's Forms 211 resulted in the assignment of 16 claims. The WO forwarded the claims to the IRS Small Business/ Self-Employed Division's (SB/SE) classification group,[2] where they were assigned to Revenue Agent (RA) Caroline Bonsasa.

After reviewing petitioner's information, RA Bonsasa recommended that the WO reject[3] 11 of the 16 claims because the allegations therein were "not specific, credible, or were speculative." She recommended rejecting three other claims because the Forms 211 were incomplete, leaving her unable to identify the

---

[2] The term "classification" refers to a group within the relevant IRS Operating Division that reviews whistleblower information and advises the WO to reject or deny a claim, select a claim for examination, or refer the claim to another group for consideration. Internal Revenue Manual (IRM) pt. 25.2.2.4 (Aug. 7, 2015).

[3] The IRM states that a claim will generally be "rejected" if it is deemed ineligible for an award solely because of the information on the Form 211 or the whistleblower's identity. See IRM pt. 25.2.2.4.1. For example, the WO may reject a claim because the whistleblower was ineligible to file a claim or because the Form 211 lacked specific or credible information. See id.

**[*4]** taxpayers. In addition, RA Bonsasa recommended that the WO deny[4] one claim because the assessment period of limitations had expired.

RA Bonsasa referred petitioner's one remaining claim to an SB/SE field office. After reviewing petitioner's Form 211, RA Kimisha C. Riley "surveyed"[5] the claim. RA Riley provided the WO with a completed Form 11369, Confidential Evaluation Report on Claim for Award, in which she confirmed her decision not to examine the taxpayer's returns.

Jennifer Graf, a tax analyst at the WO, was responsible for ascertaining whether petitioner should receive an award. She reviewed petitioner's Forms 211, RA Riley's Form 11369, and a "Classification Checksheet" detailing RA Bonsasa's conclusions. Because the IRS did not conduct any examinations as a result of petitioner's allegations, Ms. Graf concluded that petitioner's claims should be rejected or denied.

---

[4] The IRM states that a claim will generally be "denied" for a reason "beyond the face of the Form 211 or the whistleblower." See IRM pt. 25.2.2.4.1. For example, the WO may deny (rather than reject) a claim because there was "no viable statute remaining on the issues raised by the whistleblower" or because there were no collected proceeds. Id.

[5] The term "survey" refers to a revenue agent's decision, before the examination of a taxpayer's books and records, that an examination is unwarranted. See IRM pt. 4.10.2.5 (Feb. 11, 2016).

**[\*5]**  On September 27, 2016, the WO issued petitioner three final determination letters.  Two of these letters, referencing the 14 claims that were recommended for rejection, state that the WO "has made a final determination to reject your claim for an award."  The third letter, referencing the two remaining claims, states that the WO "has made a final determination to deny your claim for an award."  Petitioner timely petitioned the Court.

On May 5, 2017, respondent filed a motion for summary judgment, to which petitioner objected.  We conducted a hearing on respondent's summary judgment motion in New York, New York.  Thereafter, on November 20, 2017, petitioner filed a motion to remand 11 of her 16 claims to the IRS.[6]  Respondent filed an objection to petitioner's motion on December 11, 2017.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and

---

[6]  In her motion to remand petitioner concedes that she is not eligible for an award for the five remaining claims.

[*6] (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of her pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

A whistleblower who provides the IRS with information leading to the commencement of an action to collect taxes may be entitled to an award. Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the "collected proceeds" if all stated requirements are met. A whistleblower award depends upon the initiation of an administrative or judicial action and the collection of tax proceeds; both are necessary prerequisites for an award.[7] Cooper v. Commissioner, 136 T.C. 597, 600 (2011). Section 7623(b)(4), which provides our jurisdiction, does not contemplate that we review the Commissioner's determination of the alleged tax liability to which the claim

_____

[7] If the IRS does not proceed with an administrative or judicial action, there by definition can be no "collected proceeds" and hence no whistleblower award. Perales v. Commissioner, T.C. Memo. 2017-90.

**[\*7]** pertains, nor does section 7623 confer authority to direct the Commissioner to commence an administrative or judicial action. <u>Cohen v. Commissioner</u>, 139 T.C. 299, 302 (2012), <u>aff'd per curiam</u>, 550 F. App'x 10 (D.C. Cir. 2014); <u>Cooper v. Commissioner</u>, 136 T.C. at 600-601.

Respondent contends that he is entitled to summary judgment because petitioner does not meet the threshold requirements for a section 7623(b) award. Respondent attached to his motion a declaration of Ms. Graf, the WO Tax Analyst who reviewed petitioner's claims. As shown in Ms. Graf's declaration and the exhibits attached thereto, the WO rejected each of 14 claims as deficient on its face and denied the remaining two claims because they did not result in examinations. The WO's processing unit sent petitioner determination letters rejecting or denying all 16 claims; these letters are part of the record. As these letters and Ms. Graf's declaration establish, the IRS did not initiate any administrative or judicial proceedings or collect any proceeds on the basis of petitioner's information.

Contrary to Rule 121(d), petitioner's opposition does not set forth specific facts showing a genuine dispute as to whether the IRS initiated an administrative or judicial action against any taxpayer. Nor, pursuant to Rule 121(e), has petitioner otherwise made any showing that the facts set forth in Ms. Graf's

[*8] declaration are genuinely disputed.[8]  In fact, petitioner acknowledges that the IRS did not proceed administratively against any taxpayer.  Thus, she does not meet either prerequisite for a whistleblower award under section 7623(b).

Nevertheless, petitioner contends that respondent erred by determining that the income the taxpayers received was not taxable.  Petitioner argues that the appropriate remedy is to remand 11 of her claims so that the IRS can revisit its decision not to proceed administratively against the taxpayers.[9]

This Court has not yet decided whether it can appropriately order a remand in a whistleblower case.  However, a remand is not appropriate in this case.  While

---

[8]  In pertinent part, Rule 121(e) provides:

> If it appears from the affidavits or declarations of a party opposing the motion that such party's only legally available method of contravening the facts set forth in the supporting affidavits or declarations of the moving party is through cross-examination of such affiants or declarants or the testimony of third parties from whom affidavits or declarations cannot be secured, then such a showing may be deemed sufficient to establish that the facts set forth in such supporting affidavits or declarations are genuinely disputed.

[9]  With respect to these claims, the IRS chose not to examine the named taxpayers after concluding that the damages awards were not taxable under sec. 104(a)(2).  Petitioner contends that this decision was erroneous.  Whether or not petitioner is correct, see Stadnyk v. Commissioner, T.C. Memo. 2008-289, slip op. at 15 (physical restraint and physical detention are not "physical injuries" for purposes of sec. 104(a)(2)), the decision to proceed against a taxpayer is within the discretion of the IRS, see Cooper v. Commissioner, 136 T.C. 597, 600 (2011); Awad v. Commissioner, T.C. Memo. 2017-108, at *17-*18.

**[*9]** we believe petitioner's concerns about the efficacy of third-party income reporting are sincere, we cannot grant her the relief she seeks. As we previously stated, section 7623(b)(4) does not contemplate that we review the IRS' determinations of taxpayers' liabilities or direct the IRS to commence an administrative or judicial proceeding. See Cohen v. Commissioner, 139 T.C. at 302; Cooper v. Commissioner, 136 T.C. at 600. Granting petitioner's remand motion would be akin to directing the IRS to commence an administrative proceeding against taxpayers it chose not to pursue. Having no authority to do so, we will grant summary judgment for respondent and deny petitioner's motion to remand.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.[10]

---

[10] After we set respondent's summary judgment motion for a hearing, respondent filed a motion in limine to limit the hearing's scope of review to the administrative record. Petitioner did not attempt at the hearing to offer any evidence outside the administrative record. Nor would any evidence outside the administrative record affect the outcome of this case, given petitioner's acknowledgment that the IRS did not proceed administratively against any taxpayer. We will accordingly deny respondent's motion in limine as moot.

**[*10]** To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.