T.C. Memo. 2019-81

UNITED STATES TAX COURT

STANLEY H. EPSTEIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 28731-15W, 2965-18W.           Filed July 8, 2019.

<u>Mark A. Ozzello</u>, for petitioner.

<u>Terri L. Onorato</u>, <u>Patricia P. Davis</u>, and <u>Hans Famularo</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  These consolidated whistleblower award cases are currently before the Court on motions for summary judgment filed by the Internal Revenue Service (IRS or respondent).  Both cases arise from petitioner's 2013

**[\*2]** claim for an award pursuant to section 7623.[1]  In 2015 the Whistleblower Office (Office) issued petitioner a determination letter denying his claim, and he timely petitioned for review.  Epstein v. Commissioner, T.C. Dkt. No. 28731-15W (filed Nov. 16, 2015).  The parties subsequently agreed that the grounds for denial were improper, and the Office agreed to reopen petitioner's claim.  Upon reopening the Office referred the claim to the appropriate IRS operating division, which concluded that petitioner's claim had no merit and recommended denial.  The Office then issued a second determination letter denying the claim, and petitioner again petitioned for review.  Epstein v. Commissioner, T.C. Dkt. No. 2965-18W (filed Feb. 9, 2018).

Respondent has filed a separate motion for summary judgment in each case.  In docket No. 2965-18W he contends that he is entitled to judgment as a matter of law because the IRS did not initiate any administrative or judicial action against any taxpayer and did not collect any proceeds on the basis of the information petitioner provided.  See sec. 7623(b)(1).  In docket No. 28731-15W respondent contends that the case is moot.  We will grant both motions.

---

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*3]                                                    Background

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits attached thereto. Petitioner resided in California when he filed his timely petitions with this Court.

In April 2013 petitioner submitted to the Office a Form 211, Application for Award for Original Information, alleging that an identified taxpayer had been systematically misreporting interest income on certain financial products. The Office referred the claim to the IRS Large Business and International Division (LB&I), which informed the Office that it had already reached an agreement with the taxpayer on this issue before petitioner submitted his claim. On October 15, 2015, the Office sent petitioner a final determination letter stating that his claim had been denied because "[t]he issue you identified was already in the IRS audit plan due to the taxpayer's disclosure of the issue."

Petitioner sought review of that determination in docket No. 28731-15W. The parties subsequently agreed that the financial products that were the subject of petitioner's claim were different from the financial products that LB&I had previously investigated. In April 2016 the parties filed a joint motion to remand the

[*4] case to the Office for further consideration. The Court held that motion in abeyance and directed the parties to work together to resolve the case.[2]

The Office agreed to reopen petitioner's claim and sent his Form 211 to LB&I for further review. An agent in LB&I evaluated the claim and concluded that the taxpayer was "correctly reporting the interest income paid" on the financial products that were the subject of petitioner's claim. LB&I found no reason to pursue any action against the taxpayer and again recommended denial. On January 11, 2018, the Office sent petitioner a second determination letter denying his claim, stating that the IRS had reviewed the information he supplied but that its review "did not result in the assessment of additional tax, penalties, interest or other amounts." In docket No. 2965-18W petitioner timely sought review of that determination.

We consolidated the two cases, and respondent subsequently filed motions for summary judgment. In docket No. 2965-18W he contends that he is entitled to judgment as a matter of law because the IRS did not initiate any administrative or judicial action against, or recover any proceeds from, any taxpayer. See sec.

---

[2]When the parties filed their remand motion, the Court had not yet addressed whether it had authority to remand a whistleblower case to the Office. In 2019 we held for the first time that in appropriate circumstances we have such authority. Whistleblower 769-16W v. Commissioner, 152 T.C. __ (Apr. 11, 2019).

**[\*5]** 7623(b)(1).  In docket No. 28731-15W respondent urges that the case is moot.  Petitioner has filed a single response in which he argues that LB&I misapprehended the tax law and facts relevant to his claim and that the Office abused its discretion in deferring to LB&I's view.  Petitioner does not dispute respondent's mootness argument with respect to the earlier filed case.

Discussion

A.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Sundstrand Corp.</u>, 98 T.C. at 520.  However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.  Finding no

**[*6]** material facts to be in genuine dispute, we conclude that these cases may appropriately be adjudicated summarily.

B.      Standard and Scope of Review

We review the Secretary's determination as to whether a whistleblower is entitled to an award by applying an abuse-of-discretion standard. Kasper v. Commissioner, 150 T.C. 8, 22 (2018). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In ascertaining whether the Secretary abused his discretion, we generally confine our review to the administrative record. Kasper, 150 T.C. at 20.

C.      Analysis

Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met. Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer. See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 189 (2011). While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct

**[\*7]** the IRS to commence an administrative or judicial action.  See Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011).  "Our jurisdiction under section 7623(b) does not contemplate that we redetermine the tax liability of the taxpayer."  Id. at 600.  If the IRS does not proceed with an administrative or judicial action after considering the information the whistleblower provided, there can be no award under section 7623(b).  See Cooper, 136 T.C. at 601.

The administrative record shows that upon reopening petitioner's claim, the Office forwarded his information to LB&I, the appropriate IRS operating division.  LB&I concluded that the taxpayer was properly reporting interest income with respect to the financial products that were the subject of petitioner's Form 211.  Accordingly, the IRS commenced no action against, and collected no proceeds from, the taxpayer as a result of the information petitioner supplied.

Petitioner does not allege any material dispute as to these facts.  Instead, he contends that LB&I erred in its view of the law and the facts related to his claim and that the Office abused its discretion in accepting LB&I's recommendation.  But we have no authority to review LB&I's decision not to commence an administrative or judicial action.  "Petitioner may disagree with respondent's legal conclusions for why there was no * * * tax due," but "whistleblower awards are preconditioned on the Secretary's proceeding with an administrative or judicial

**[\*8]** action," which did not happen here.  See <u>id.</u> at 601.  Because petitioner has not met the threshold requirements for a whistleblower award, the Office did not abuse its discretion in denying his claim.  We will therefore grant summary judgment for respondent in the case at docket No. 2965-18W.

Concluding as we do that petitioner's claim was properly denied, we find that petitioner's case at docket No. 28731-15W is moot.  <u>See</u> <u>Conservation Force, Inc. v. Jewell</u>, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (stating that a case becomes moot when among other things "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought'" (quoting <u>Monzillo v. Biller</u>, 735 F.2d 1456, 1459 (D.C. Cir. 1984))).[3]  Assuming arguendo that the Office abused its discretion in issuing the first determination letter, "the likely remedy would be remand to the Whistleblower Office for reconsideration." <u>Whistleblower 769-16W v. Commissioner</u>, 152 T.C __, __ (slip op. at 14) (Apr. 11, 2019).  Petitioner already obtained that relief when the Office reopened his claim and forwarded it to LB&I for further analysis on the merits.

---

[3]Our whistleblower cases are normally appealable to the U.S. Court of Appeals for the D.C. Circuit.  <u>See</u> sec. 7482(b)(1) (penultimate sentence); <u>Kasper</u>, 150 T.C. at 11 n.1.

**[*9]**    To reflect the foregoing,

<u>Appropriate orders will be issued,</u>

<u>and decisions will be entered</u>.