T.C. Memo. 2020-29

UNITED STATES TAX COURT

CHARLES STUART PULCINE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3880-16W.            Filed March 2, 2020.

Charles Stuart Pulcine, pro se.

<u>Richard Hatfield</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This whistleblower award case is before the Court on the

parties' motions for summary judgment.  For the below reasons we will grant

respondent's motion and deny petitioner's motion.

**[\*2]**                                         <u>Background</u>

The following facts are based on the parties' motion papers, including the

declarations and exhibits attached thereto.  <u>See</u> Rule 121(b).[1]  Petitioner resided in

Florida when he filed his petition.

On September 16, 2013, the Internal Revenue Service (IRS) Whistleblower

Office received from petitioner a Form 211, Application for Award for Original

Information.  In his Form 211 petitioner alleged that a corporate taxpayer failed to

file certain Forms 1120, U.S. Corporation Income Tax Return, and pay income tax.

After review, the Whistleblower Office referred petitioner's claim to a subject

matter expert in the IRS Large Business & International (LB&I) Division on

February 21, 2014.  The claim was in turn forwarded to an examination team in

the LB&I Division on February 28, 2014.

Meanwhile, also on September 16, 2013, and presumably unknown to

petitioner, the taxpayer filed the delinquent returns using estimated numbers

pending the finalization of a certified financial audit.  The taxpayer also made

some payments, and by the time the LB&I team began its investigation, the case

was already being worked by an IRS revenue officer.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[*3]  Petitioner submitted supplemental information to the Whistleblower Office at various times in 2013 and 2014 which more precisely identified the alleged noncompliance.  As with the original complaint, the Whistleblower Office forwarded the supplemental information to the LB&I team.  The main claim petitioner made was that certain expenses amounting to $4 million should have been capitalized.

The taxpayer's completed financial audit resulted in amending one of the returns, which was provided to the examining agent.  The agent verified that the expenses petitioner had identified were addressed during the examination.  The taxpayer provided details on the nature of the deductions along with invoices to support their deductibility.  The LB&I team ultimately determined that, contrary to petitioner's opinion, the expenses had been properly deducted and no audit adjustments were warranted.  Local counsel and the National Office were engaged in the examination of the taxpayer's returns and contributed to this conclusion.  The only adjustment made to the taxpayer's returns during the examination was a $9,966 refund based on its filing of the Form 1120X, Amended U.S. Corporation Income Tax Return.

The Whistleblower Office received the LB&I team's Form 11369, Confidential Evaluation Report on Claim for Award, on September 11, 2015.  On

**[*4]** the basis of the Form 11369 and independent confirmation that no audit adjustments had been made to the taxpayer's return, the Whistleblower Office prepared and sent to petitioner a preliminary denial letter on November 2, 2015. The denial letter advised petitioner of his right to submit comments before a final determination would be made. After extending the deadline for comments and receiving none, the Whistleblower Office issued a final determination letter on January 11, 2016. The letter states that the claim was denied because "the information you provided did not result in any additional tax, penalties, interest or additional amounts related to the tax issue you raised."

Petitioner timely filed his petition. On September 13, 2016, petitioner filed a letter with the Court which we recharacterized as a motion for summary judgment. On October 18, 2016, respondent filed his own motion for summary judgment along with a response to petitioner's motion. On April 28, 2017, respondent filed a first supplement to motion for summary judgment.

Discussion

A motion for summary judgment may be granted where there is no genuine dispute as to any material fact and where the moving party is entitled to prevail as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant

**[*5]** summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Sundstrand Corp. v. Commissioner, 98 T.C. at 520.  However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.  Finding no material facts to be in genuine dispute, we conclude that this case may be adjudicated summarily.

The Secretary[2] has the authority and discretion to pay an award for the detection of underpayments of tax, or the detection and bringing to trial and punishment persons guilty of violating the internal revenue laws, from the proceeds of amounts collected by reason of the information provided.  Sec. 7623(a).  A whistleblower is entitled to a nondiscretionary award if the Secretary proceeds with an administrative or judicial action based upon the information provided.  Sec. 7623(b).  Subject to certain conditions, such a mandatory award is 15% to 30% of the collected proceeds resulting from the action.  Id.; see Cooper v.

---

[2]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

[*6] Commissioner, 136 T.C. 597 (2011).  A whistleblower qualifies for a nondiscretionary award only if two conditions are met.  First, the Secretary must "proceed[] with an[] administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention" by the whistleblower.  Sec. 7623(b)(1).  Second, the Secretary must derive proceeds from this action.  Id.; see Cohen v. Commissioner 139 T.C. 299, 303 (2012) ("We can provide relief under section 7623(b) only after the Commissioner has initiated an administrative or judicial action and collected proceeds."), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Cooper v. Commissioner, 136 T.C. at 600 ("[A] whistleblower award is dependent upon both the initiation of an administrative or judicial action and collection of tax proceeds.").

Pursuant to section 7623(b)(4), petitioner has appealed the determination of the Whistleblower Office to reject his claim for a nondiscretionary whistleblower award.  We review the Secretary's determination as to whether a whistleblower is entitled to an award by applying an abuse-of-discretion standard.  Kasper v. Commissioner, 150 T.C. 8, 22 (2018).  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  In ascertaining whether the Secretary abused his discretion, we generally

**[\*7]** confine our review to the administrative record.  Kasper v. Commissioner, 150 T.C. at 20.

We conclude that the Whistleblower Office did not abuse its discretion in denying petitioner an award.  Respondent conducted an examination of the taxpayer based on petitioner's information.  Respondent examined precisely the expenses petitioner identified and found that they were properly substantiated and deducted.  There was no additional tax, penalties, interest, or amounts assessed or collected.  Because no proceeds were collected, petitioner does not meet the requirements of section 7623.

In his motion for summary judgment petitioner does not claim his information led to the collection of any proceeds.  Instead, he asserts that the IRS is "legally obligated to not show leniency" and requests the "IRS demonstrate an equal level of unrelenting diligence to collect from the taxpayer and follow-up with me as to wiring 20% as my reward."  We interpret petitioner's contention to be that respondent erred in failing to assess or collect any additional tax, penalties, interest, or other amounts.  While we have jurisdiction to review the Commissioner's award determination, we do not have authority to "review the Commissioner's determinations of the alleged tax liability to which the claim pertains."  Cohen v. Commissioner, 139 T.C. at 302.  Nor do we have authority "to

[*8] direct the Secretary to proceed with an administrative or judicial action."
Cooper v. Commissioner, 136 T.C. at 600.  In other words we cannot order
respondent to reexamine the taxpayer's returns for additional deficiencies or
conduct our own examination.  See Cohen v. Commissioner, 139 T.C. at 302;
Cooper v. Commissioner, 136 T.C. at 600; Apruzzese v. Commissioner, T.C.
Memo. 2019-141, at *4.

Because there was no collection of proceeds resulting from respondent's
administrative or judicial action, petitioner does not meet the threshold
requirements under section 7623(b).  Accordingly, petitioner cannot be entitled to
any award.  We will grant respondent's motion for summary judgment and deny
petitioner's.  We have considered all other arguments made by the parties, and to
the extent not discussed above, find those arguments to be irrelevant, moot, or
without merit.  Accordingly,

An appropriate order and decision

will be entered.