T.C. Memo. 2020-43

UNITED STATES TAX COURT

KENNETH M. KANSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21684-18W.                              Filed April 13, 2020.

Kenneth M. Kansky, pro se.

Carlton W. King and Nina P. Ching, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent). Respondent contends that the IRS Whistleblower Office (Office) did not abuse its discretion in rejecting petitioner's claim on the ground that it was

[*2] speculative and did not provide specific or credible information regarding any Federal tax violation.  We agree and accordingly will grant the motion.

Background

The following facts are derived from the parties' pleadings and motion papers, including a declaration and the exhibits attached thereto.  Petitioner resided in Massachusetts when he filed his petition.  We have jurisdiction under section 7623(b)(4).[1]

Petitioner filed a Form 211, Application for Award for Original Information, that the Office received on May 11, 2018.  Petitioner identified two target taxpayers:  (1) a corporation that connects workers with medical offices to provide temporary services and (2) the president of that corporation.  Petitioner asserted that the target taxpayers had misclassified their employees as independent contractors and had erroneously sent them Forms 1099-MISC, Miscellaneous Income.  Petitioner indicated that he had received some of his information from his girlfriend, who ran a competing staffing agency.

To support his claims petitioner provided:  (1) a letter setting forth his allegations, (2) a description of the target corporation, copied from the website of the

---

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Massachusetts Secretary of the Commonwealth, and (3) the company's "terms of service" as set forth on its website. The "terms of service" stated that the company operated as a marketplace enabling medical professionals to connect with medical offices needing assistance but that the company did not itself employ or retain medical professionals. Petitioner did not identify a specific year for which any alleged tax violation occurred.

The Office assigned two claim numbers to petitioner's claim to reflect the fact that he had identified two target taxpayers. The claims were referred to Sharon Hobart, a classifier in the IRS Small Business/Self-Employed Operating Division (SB/SE). Ms. Hobart specialized in employment tax.

Ms. Hobart researched petitioner's allegations by retrieving and analyzing IRS account transcripts and tax returns filed by both taxpayers. Ms. Hobart found no employment tax issue with respect to the target individual. She found that this person had no discernible workers or employees, noting that his or her Federal income tax return did not include a Schedule C, Profit or Loss From Business.

Ms. Hobart ascertained that the target corporation had filed no Forms 1099-MISC for 2016 or 2017 and found "no indication on [its] income tax return that independent contractors are being used." She concluded that petitioner's allegations lacked credibility, noting his failure to supply any source documents (such as

**[*4]** bank statements or financial records) to support his claims.  She accordingly recommended "[r]ejecting [the] claim for failing to include specific and credible information to support a potential tax violation * * * as well as documentation to support the claim."

Ms. Hobart completed her recommendation on July 27, 2018, and forwarded it to the Office.  Agreeing with her recommendation, the Office on October 4, 2018, issued a final determination letter rejecting petitioner's claims.  The letter stated in pertinent part as follows:

> [S]ection 7623 provides that an award may be paid only if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts.  The Whistleblower Office has made a final decision to reject your claim for an award.
>
> The claim has been rejected because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws.

There is no evidence that the IRS ever commenced an action against, or collected proceeds from, any taxpayer as a result of the information petitioner supplied.

On November 2, 2018, petitioner timely petitioned this Court for review of the Office's determination.  On September 27, 2019, respondent filed a motion for summary judgment under Rule 121.  Petitioner timely responded to that motion, and further briefing ensued.

**[\*5]**                               <u>Discussion</u>

A.     <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Ibid.</u>  However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.  Finding no genuine dispute as to any material fact, we conclude that summary adjudication is appropriate

B.     <u>Standard and Scope of Review</u>

We review the Secretary's determination as to whether a whistleblower is entitled to an award under section 7623(b)(1) by applying an abuse-of-discretion standard.  <u>Kasper v. Commissioner</u>, 150 T.C. 8, 22 (2018).  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact

[*6] or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

In Lacey v. Commissioner, 153 T.C. __, __ (slip op. at 33-34) (Nov. 25, 2019), we held that we have jurisdiction to review, for abuse of discretion, a determination by the Office to reject a whistleblower claim for failure to meet certain basic criteria.  See sec. 301.7623-1(c), Proced. & Admin. Regs. (providing that claims may be rejected if they supply "speculative information or * * * do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws").  When the Office rejects a claim, "the written notice [to the claimant] will state the basis for the rejection."  Sec. 301.7623-3(b)(3), Proced. & Admin. Regs.

In ascertaining whether the Secretary abused his discretion, we confine our review to the administrative record.  Kasper, 150 T.C. at 20.  On December 3, 2019, petitioner supplemented his opposition to respondent's motion with a newspaper article dated November 15, 2019.  Because the Office issued its determination rejecting petitioner's claims on October 4, 2018--more than a year previously --the newspaper article was not (and could not possibly have been) part of the administrative record that the Office considered.  See sec. 301.7623-3(e), Proced. & Admin. Regs. (describing the information generally contained in the administra-

**[*7]** tive record).  The Court may supplement the administrative record in limited circumstances, none of which we find to exist here.  See Kasper, 150 T.C. at 20-21.

C.    Analysis

Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met.  Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer.  See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 189 (2011).  While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct the IRS to commence an administrative or judicial action.  Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011).  If the IRS proceeds with no administrative or judicial action, there can be no whistleblower award.  Id. at 601.

Respondent attached to his motion for summary judgment a declaration of Layne Carver, a manager for whistleblower claims evaluations.  As shown in her declaration and the exhibits attached thereto, the Office rejected petitioner's employment tax claims "because the information provided was speculative and/or did

[*8] not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." The Office based its decision on a recommendation from Ms. Hobart, a classifier in SB/SE with responsibility for employment taxes.

Ms. Hobart researched petitioner's claims by retrieving and analyzing IRS account transcripts and tax returns filed by the target taxpayers. She found no employment tax issue regarding the target individual, noting that this person had no discernible workers or employees. Although petitioner failed to specify the tax periods allegedly involved, Ms. Hobart ascertained that the target corporation (contrary to petitioner's assertion) had filed no Forms 1099-MISC for 2016 or 2017, the two most recent tax years. She found "no indication on [its] income tax return that independent contractors are being used." And she noted petitioner's failure to supply any source documents to support his claims.

On the basis of this record, we have no difficulty concluding that the Office did not abuse its discretion in rejecting petitioner's claims. Petitioner's Form 211 was not forwarded to any other IRS officer for further examination, and the IRS commenced no action against, and collected no proceeds from, any taxpayer as a

**[\*9]** result of the information he supplied. Petitioner does not allege any dispute as to these facts.[2]

Petitioner cites <u>Lacey</u> to support his position, but his reliance is misplaced. We concluded there that a dispute of material fact existed as to whether the Office had "actually considered even the face of the claim," and we found that the Office had not "state[d] the grounds for the rejection in a manner sufficient to enable us to review it." <u>Lacey</u>, 153 T.C. at __ (slip op. at 42). We therefore denied the Commissioner's motion for summary judgment.

The record in this case is entirely different. The Office referred petitioner's claims to a classifier in SB/SE with expertise in employment tax. She investigated his claims and found no evidence to support them in the documents he had supplied, in the target taxpayers' returns, or in IRS transcripts of their accounts. The grounds for rejection, as stated in the Office's determination letter, are clearly supported by the classifier's findings and recommendation. The record in this case is

---

[2]While conceding that Ms. Hobart verified that the target corporation "did not issue 1099 Forms to the temporary employees," petitioner faults the IRS for making "no attempt to determine if the principals [i.e., the medical offices] to whom the temporary employees were assigned issued any W-2 forms or 1099 forms" to those individuals. But petitioner listed no medical offices as targets and supplied no information that would have enabled the IRS to ascertain who those employers were.

**[\*10]** more than adequate to enable us to perform judicial review, and the record shows that the Office did not abuse its discretion in rejecting petitioner's claims.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.