T.C. Memo. 2021-106

UNITED STATES TAX COURT

WAI-CHEUNG WILSON CHOW AND DEANNE CHOW, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14249-18W.                    Filed September 1, 2021.

Wai-Cheung Wilson Chow and Deanne Chow, pro sese.

<u>Christopher J. Richmond</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  The Chows alleged that their former landlord owned other

properties from which she collected rents and did not report income.  The Chows

provided this information to the Internal Revenue Service (IRS), which reviewed

the information and found it to be not credible.  The Whistleblower Office issued a

determination denying the Chows' claim as not credible from which they filed a

[*2] petition.  Relying on a stipulated record, the parties submitted this case for decision without trial under Rule 122.[1]  Because the information provided by the Chows was not credible, we will sustain the Commissioner's determination.

## Background

Mr. and Mrs. Chow rented a home in California from an individual (target taxpayer or target).  The Chows claim that the target boasted about owning several other rental properties that she rented to tenants on a cash-only basis to avoid paying taxes on the income.

In April 2018, after moving out of the target's property, the Chows filed Form 211, Application for Award for Original Information, with the IRS.  The Whistleblower Office received the form on April 25, 2018.

On the Form 211, the Chows alleged that the target taxpayer and her business underreported income by collecting rent and security deposits in cash to avoid paying taxes on her rental income and to avoid having banking records of the payments.  The Chows claimed that the target had been operating this scheme for quite some time.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code in effect at all relevant times.

[*3]   The Chows attached information to the Form 211 to support their claims. This information included a list of possible aliases used by the target taxpayer, a list of 50 addresses possibly associated with the target, and the identity of a possible relative of the target and that person's associated addresses.  The Chows obtained most of this information from internet research.  From this research, they surmised that the target hides her property ownership from the IRS by purchasing properties in cash and registering them under various names, trusts, and companies.

The Whistleblower Office assigned a claim number to the allegations against the target taxpayer and a separate claim number to the allegation against the target's business.  It then transferred the claims to a classifier in the Small Business/Self-Employed (SBSE) operating division of the IRS for review.

On May 9, 2018, the Whistleblower Office sent the Chows a letter acknowledging receipt of the Form 211 and stating the office's intent to review the information provided.

The SBSE classifier reviewed the Chow's allegations.  She analyzed IRS databases related to the target and the target's business and cross-referenced her findings with the information provided by the Chows.  After reviewing these records, the SBSE classifier recommended rejecting the Chows' claim because the

[*4] allegations were not credible. As the basis for this recommendation, the classifier stated that the target's tax filings indicated income from one rental property and the database revealed that the target owned only one property. The SBSE classifier concluded that the claim provided no specific or credible information regarding Federal tax noncompliance.

The SBSE classifier forwarded her conclusions to the Whistleblower Office. That office adopted the classifier's conclusions and rejected the claim on the same basis.

On June 6, 2018, the Whistleblower Office sent the Chows a final determination letter rejecting their claims. The letter stated in pertinent part:

> [S]ection 7623 provides that an award may be paid only if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts. The Whistleblower Office has made a final decision to reject your claim for an award.
>
> The claim has been rejected because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws.

There is no evidence that the IRS ever commenced an action against, or collected proceeds from, any taxpayer as a result of information provided by the Chows.

While residing in California, the Chows filed a timely petition for review of the Whistleblower Office's determination. On September 11, 2020, the

[*5] Commissioner filed a motion to submit the case without trial under Rule 122, which the Court granted. The parties stipulated to the administrative record.

Discussion

I.    Standard and Scope of Review

When we review the Whistleblower Office's determinations regarding whether a whistleblower is entitled to an award, we must confine ourselves to the administrative record to decide whether there has been an abuse of discretion.[2] In such cases, "we review final agency action under the Administrative Procedure Act, 5 U.S.C. secs. 551-559, 701-706 (2018), * * * deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[3]

---

[2]Van Bemmelen v. Commissioner, 155 T.C. 64, 78 (2020); see also Kasper v. Commissioner, 150 T.C. 8, 22 (2018).

[3]Rogers v. Commissioner, 157 T.C. ___, ___ (slip op. at 11) (Aug. 2, 2021) (citing Van Bemmelen v. Commissioner, 155 T.C. at 79).

**[\*6]** Our jurisdiction to review the Whistleblower Office's determination extends to rejections.[4] Although we have jurisdiction to review determinations, we cannot direct the IRS to commence or continue an audit, nor can we direct collection.[5]

## II. Whistleblower Framework

Section 7623 provides for awards for individuals who alert the Government about third parties who underpay their taxes. If certain requirements are met, the whistleblower is entitled to receive as an award a percentage of the amount collected only if the Commissioner initiates or expands an "administrative or judicial action" based on the whistleblower's information and "proceeds [are] collected as a result of the action."[6]

But sometimes the whistleblower's information does not prove useful to the Commissioner. In such cases, the Commissioner may decide not to proceed with an administrative or judicial action based on the information provided or may conclude that the information provided is speculative or not specific and credible.[7]

---

[4]Sec. 7623(b)(4); Lacey v. Commissioner, 153 T.C. 146, 169 (2019).

[5]Lacey v. Commissioner, 153 T.C. at 166; see also Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014).

[6]Sec. 7623(b)(1).

[7]Secs. 301.7623-3(b)(3), 301.7623-1(c)(1), Proced. & Admin. Regs.

**[\*7]** In these instances, the Whistleblower Office issues a determination to reject or deny the whistleblower's claim.[8]

As relevant here, a rejection occurs when the whistleblower submits a claim that is insufficient on its face.[9] At this stage, evaluation of the claim is limited to whether the whistleblower satisfied the minimum requirements for award eligibility under the regulations.[10] The personnel tasked with the initial evaluation of the whistleblower's submission perform a "basic check of a claim against specified criteria," not a substantive review of its merits.[11] These criteria include

---

[8]Sec. 301.7623-3(b)(3), Proced. & Admin. Regs.

[9]Sec. 301.7623-3(c)(7), Proced. & Admin. Regs.

[10]Sec. 301.7623-3(c)(7), Proced. & Admin. Regs. In Lacey v. Commissioner, 153 T.C. at 162-163, we distinguished between a rejection made by the Whistleblower Office and a decision not to initiate administrative or judicial procedures made by an IRS operating division. However, after the Whistleblower Office decided to review Mr. Lacey's claim, the Commissioner altered the initial review function for whistleblower claims. As of 2018 (and during the office's review of the Chows' claim), the SBSE operating division shares with the Whistleblower Office the initial review function of determining whether claims meet the minimum threshold criteria. Internal Revenue Manual pt. 1.1.26.1.3.5 (Jan. 11, 2018). Consistent with the Commissioner's revised procedure, we have since held that we will evaluate whistleblower determinations based on "the substance of a determination, not the identities of the actors involved." Rogers v. Commissioner, 157 T.C. at ___ (slip op. at 47).

[11]Rogers v. Commissioner, 157 T.C. at ___ (slip op. at 46).

[*8] the identity of the target and the information provided to support the allegations, including documentation.[12] "Submissions that provide speculative information or that do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws do not provide a basis for an award" and may be rejected.[13]

III.    Analysis

The Commissioner did not abuse his discretion by rejecting the Chows' claim. The Whistleblower Office rejected the claim because the SBSE classifier analyzed IRS databases related to the target and found that the information provided by the Chows could not be corroborated. The target had one property instead of several, and the target's tax filings indicated that she submitted tax forms reporting the single property. On the basis of this information, the classifier suggested that the Whistleblower Office reject the claim because the "[a]llegations are not specific, credible, or are speculative." The Whistleblower Office agreed with this recommendation and sent the Chows a final determination setting this forth as the reason for rejection. Finding that a claim lacks credibility after

---

[12]Sec. 301.7623-1(c)(1), Proced. & Admin. Regs.

[13]Sec. 301.7623-1(c)(1), Proced. & Admin. Regs.; see also sec. 301.7623-3(c)(7), Proced. & Admin. Regs.

[*9] searching an IRS database and not finding any corroborating information is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

The Chows contend that the Commissioner incorrectly rejected their claim because the Whistleblower Office performed a "simple evaluation" and did not conduct a "proper investigation before making the final decision." The Commissioner researched the fundamental allegations of the claim and discerned that it lacked the requisite credibility to pursue. He considered the Chows' allegations and found they were not sufficiently backed to justify further action. The Commissioner is not obligated to perform a deeper evaluation of a whistleblower's claims before issuing a rejection. Moreover, we cannot direct the IRS to commence or continue an audit.[14]

The Chows also argue that the Whistleblower Office should have contacted them for additional information and evidence before rejecting their claim. When the Whistleblower Office decides to reject a claim, it may first offer the whistleblower a chance to perfect the claim.[15] However, this is an option available

---

[14]Lacey v. Commissioner, 153 T.C. at 166; see also Cohen v. Commissioner, 139 T.C. at 302.

[15]Sec. 301.7623-1(c)(4), Proced. & Admin. Regs.

**[\*10]** to the Whistleblower Office, not an obligation. The Commissioner did not abuse his discretion when he did not offer the Chows the opportunity to supplement their claim before rejecting it.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.